UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JANICE LIVINGSTON,**
   Petitioner,

v.                                                No. 4:24-cv-1098-P

**WARDEN RULE,**
   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Janice Livingston under 28 U.S.C. § 2241. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

Petitioner is serving 20-month concurrent sentences for making and presenting false claims to the United States Internal Revenue Service and theft of property, in violation of 18 U.S.C. §§ 287 & 641. ECF No. 10 at App. 009–010. She contends that her time credits under the First Step Act ("FSA"), for Good Conduct Time, and Second Chance Act placement should be "front loaded" and that she should be immediately released and her sentence reduced. ECF No. 2 at 1; ECF No. 1 at 7.

The FSA authorizes the Bureau of Prisons ("BOP") to grant time credits to eligible inmates. 18 U.S.C. § 3624(g). Calculation of time credits lies within the discretion of the BOP. 18 U.S.C. § 3624(b). "An eligible inmate . . . may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in EBRR [Evidence-Based Recidivism Reduction] programs or PAs [Productive Activities] that the Bureau has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020." 28 C.F.R. § 523.42(b). Depending on his or her status, an inmate may earn either ten or fifteen days' credit for every thirty-day period of successful participation in

EBRR Programs or PAs recommended. 28 C.F.R. § 523.42(c). Assuming the inmate meets the eligibility criteria set forth in 18 U.S.C. § 3632(g)(1), and has a term of supervised release to serve, the BOP may apply the credits to transfer the inmate to supervised release up to twelve months early. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). The FSA time credits are applied when the inmate has earned time credits in an amount that is equal to the remainder of his or her term of imprisonment. 18 U.S.C. § 3624(g)(1)(A).

Petitioner's argument is apparently based on the mistaken premise that all credits are to be "front loaded." ECF No. 2 at 1. As best the Court can tell, the argument is based on a misreading of 18 U.S.C. § 3624(g)(10), which provides that the time limits on the length of a prerelease placement are waived. *See Mills v. Starr*, No. 21-1335, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022), *adopted*, 2023 WL 2645030 (D. Minn. Mar. 27, 2023) (discussing this theory). FSA time credits are not applied until such time as the inmate has earned time credits in an amount equal to the remainder of the term of imprisonment because earned credits may be lost as a result of misconduct. *See Sharp v. Brown*, No. 3:23-cv-138, 2024 WL 3493792, at *3 (N.D. W.Va. July 22, 2024). Likewise, good time credits are not prospectively awarded except for the last year of a term of imprisonment because such credit is awarded for exemplary compliance with institutional disciplinary regulations. 18 U.S.C. § 3624(b). Good time credits may be lost for disciplinary violations so long as due process is afforded. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

The Court is satisfied that the time credits have been appropriately calculated by the BOP.[1] ECF No. 9 at 2–3; ECF No. 10 at App. 005. Petitioner has not shown that there is any error in Respondent's calculation or that he abused his discretion. *See Gutierrez v. Hijar*, No. EP-23-cv-75-FM, 2023 WL 2317790, at *3 (W.D. Tex. Feb. 28, 2023) (petitioner's burden to show he is in custody in violation of the

---

[1] To the extent that Petitioner complains that the BOP has not calculated a projected release date based on the assumption that she will continue to earn FSA credits, ECF No. 2 at 1, the record reflects that it has done so. ECF No. 10 at App. 006.

Constitution or laws of the United States), *appeal dism'd*, No. 23-50187, 2023 WL 5955234 (5th Cir. June 21, 2023).

In the Fifth Circuit, conditions of confinement are not properly considered in a habeas action because they are unrelated to the fact and duration of confinement. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997); *Himmel v. Upton*, 476 F. Supp. 3d 424, 426 (N.D. Tex. 2020). In other words, habeas is not available to review questions unrelated to the cause of detention. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). If a favorable determination would not automatically entitle the inmate to accelerated release, the proper vehicle to bring the claim is via a civil rights suit. *Carson*, 112 F.3d at 820–21. Thus, Petitioner's complaint about failure to provide feminine hygiene products, ECF No. 1 at 5, is not the proper subject of a habeas petition.

Finally, to the extent Petitioner complains about her place of confinement being more than 500 miles from her residence, ECF No. 1 at 6, and that she has not been placed in prerelease custody, *id.* at 5, the issue is moot. Petitioner has been transferred to a residential re-entry center near her residence in South Carolina. ECF No. 9 at 5; ECF No. 10 at App. 007.

**SO ORDERED** on this **21st day of February 2025.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

3